UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>c/o Department of Justice<br>Washington, D.C. 20530,<br>      Plaintiff,<br><br>v.<br><br>THIRD POINT OFFSHORE FUND, LTD.<br>c/o Walkers<br>190 Elgin Avenue<br>George Town, Grand Cayman KY1-9001<br>Cayman Islands,<br><br>THIRD POINT ULTRA, LTD.<br>c/o Walkers Chambers<br>171 Main Street<br>P.O. Box 92<br>Road Town, Tortola<br>British Virgin Islands,<br><br>THIRD POINT PARTNERS QUALIFIED L.P.<br>390 Park Ave, 19th Floor<br>New York, NY 10022,<br><br>and<br><br>THIRD POINT, LLC<br>390 Park Ave., 19th Floor<br>New York, NY 10022<br><br>      Defendants. | Civil Action No. |

### COMPLAINT FOR INJUNCTIVE RELIEF FOR FAILURE TO COMPLY WITH THE PREMERGER REPORTING AND WAITING REQUIREMENTS OF THE HART-SCOTT-RODINO ACT

The United States of America, Plaintiff, by its attorneys, acting under the direction of the Attorney General of the United States and at the request of the Federal Trade Commission,

brings this civil antitrust action to obtain injunctive relief against Defendants Third Point Offshore Fund, Ltd. ("Third Point Offshore"), Third Point Ultra, Ltd. ("Third Point Ultra"), Third Point Partners Qualified L.P. ("Third Point Partners") (collectively, "Defendant Funds"), and Third Point LLC (together with the Defendant Funds collectively, "Defendants"). Plaintiff alleges as follows:

## NATURE OF THE ACTION

1. Defendant Funds violated the notice and waiting period requirements of the Hart-Scott-Rodino Antitrust Improvements Act of 1976, 15 U.S.C. § 18a ("HSR Act" or "Act"), with respect to the acquisition of voting securities of Yahoo! Inc. ("Yahoo") in August and September 2011.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action pursuant to Section 7A(g) of the Clayton Act, 15 U.S.C. § 18a(g), and pursuant to 28 U.S.C. §§ 1331, 1337(a), 1345, and 1355, and over the Defendants by virtue of Defendants' consent, in the Stipulation relating hereto, to the maintenance of this action and entry of the Final Judgment in this District.

3. Venue is properly based in this District by virtue of Defendants' consent, in the Stipulation relating hereto, to the maintenance of this action and entry of the Final Judgment in this District.

## THE DEFENDANTS

4. Defendant Third Point Offshore is an offshore fund organized under the laws of the Cayman Islands, with its principal office and place of business c/o Walkers, 190 Elgin Avenue, George Town, Grand Cayman KY1-9001, Cayman Islands.

5. Defendant Third Point Ultra is an offshore fund organized under the laws of the British Virgin Islands, with its principal office and place of business c/o Walkers Chambers, 171 Main Street, Road Town, Tortola, British Virgin Islands.

6. Defendant Third Point Partners is a limited partnership organized under the laws of the State of Delaware, with its principal office and place of business at 390 Park Avenue, 19th Floor, New York, NY 10022.

7. Defendant Third Point LLC is a limited liability company organized under the laws of the State of Delaware, with its principal office and place of business at 390 Park Avenue, 19th Floor, New York, NY 10022. Third Point LLC makes all the investment decisions for each of the Defendant Funds, including decisions to nominate a candidate to the board of directors of a company in which Defendants have invested or to launch a proxy fight to obtain board representation on behalf of Defendants.

8. Defendants are engaged in commerce, or in activities affecting commerce, within the meaning of Section 1 of the Clayton Act, 15 U.S.C. § 12, and Section 7A(a)(1) of the Clayton Act, 15 U.S.C. §18a(a)(1). At all times relevant to this complaint, each Defendant Fund had total assets in excess of $13.2 million.

## OTHER ENTITIES

9. Yahoo is a corporation organized under the laws of Delaware with its principal place of business at 701 First Avenue, Sunnyvale, CA 94089. Yahoo is engaged in commerce, or in activities affecting commerce, within the meaning of Section 1 of the Clayton Act, 15 U.S.C. § 12, and Section 7A(a)(1) of the Clayton Act, 15 U.S.C. §18a(a)(1). At all times relevant to this complaint, Yahoo had annual net sales in excess of $131.9 million.

## THE HART-SCOTT-RODINO ACT AND RULES

10.     The HSR Act requires certain acquiring persons and certain persons whose voting securities or assets are acquired to file notifications with the federal antitrust agencies and to observe a waiting period before consummating certain acquisitions of voting securities or assets. 15 U.S.C. § 18a(a) and (b). The HSR Act's notification and waiting period are intended to give the federal antitrust agencies prior notice of, and information about, proposed transactions. The waiting period is also intended to provide the federal antitrust agencies with an opportunity to investigate a proposed transaction and to determine whether to seek an injunction to prevent the consummation of a transaction that may violate the antitrust laws.

11.     The HSR Act's notification and waiting period requirements apply to acquisitions that meet the HSR Act's thresholds, which are adjusted annually. During the period of 2011 pertinent to this Complaint, the HSR Act's reporting and waiting period requirements applied to transactions that would result in the acquiring person holding more than $66 million, if certain size of person tests were met, except for certain exempted transactions.

12.     Section (c)(9) of the HSR Act, 15 U.S.C. § 18a(c)(9), exempts from the requirements of the HSR Act acquisitions of voting securities "solely for the purpose of investment" if, as a result of the acquisition, the securities held do not exceed 10 percent of the outstanding voting securities of the issuer.

13.     Pursuant to Section (d)(2) of the HSR Act, 15 U.S.C. § 18a(d)(2), the Federal Trade Commission promulgated rules to carry out the purpose of the HSR Act. 16 C.F.R. §§ 801-03 ("HSR Rules"). The HSR Rules, among other things, define terms contained in the HSR Act.

14.     Section 801.2(a) of the HSR Rules, 16 C.F.R. § 801.2(a), provides that "[a]ny

person which, as a result of an acquisition, will hold voting securities" is deemed an "acquiring person."

15. Section 801.1(a)(1) of the HSR Rules, 16 C.F.R. § 801.1(a)(1), provides that the term "person" means "an ultimate parent entity and all entities which it controls directly or indirectly."

16. Section 801.1(a)(3) of the HSR Rules, 16 C.F.R. § 801.1(a)(3), provides that the term "ultimate parent entity" means "an entity which is not controlled by any other entity."

17. Each of the Defendant Funds is its own ultimate parent entity and Defendant Third Point LLC does not control any of the Defendant Funds within the meaning of the HSR Rules.

18. Pursuant to Section 801.13(a)(1) of the HSR Rules, 16 C.F.R. § 801.13(a)(1), "all voting securities of [an] issuer which will be held by the acquiring person after the consummation of an acquisition" – including any held before the acquisition – are deemed held "as a result of" the acquisition at issue.

19. Pursuant to Sections 801.13(a)(2) and 801.10(c)(1) of the HSR Rules, 16 C.F.R. § 801.13(a)(2) and § 801.10(c)(1), the value of voting securities already held is the market price, defined to be the lowest closing price within 45 days prior to the subsequent acquisition.

20. Section 801.1(i)(1) of the HSR Rules, 16 C.F.R. § 801.1(i)(1), defines the term "solely for the purpose of investment" as follows:

> Voting securities are held or acquired "solely for the purpose of investment" if the person holding or acquiring such voting securities has no intention of participating in the formulation, determination, or direction of the basic business decisions of the issuer.

21. Section 7A(g)(2) of the Clayton Act, 15 U.S.C. § 18a(g)(2), provides that if any person fails substantially to comply with the notification requirement under the HSR Act, the

district court may grant such equitable relief as the court in its discretion determines necessary or appropriate, upon application of the Federal Trade Commission or the Assistant Attorney General.

## VIOLATIONS ALLEGED

22. Plaintiff alleges and incorporates paragraphs 1 through 21 as if set forth fully herein.

23. On or about August 8, 2011, Third Point LLC began acquiring voting securities of Yahoo on behalf of the Defendant Funds. In general, the voting securities were allocated to each Defendant Fund, as well as to other investment funds managed by Third Point LLC, in proportion to such fund's total capital. These acquisitions were accomplished by open market purchases through the NASDAQ Stock Market. Defendant Funds continued to acquire voting securities of Yahoo after August 8, 2011. Other than the Defendant Funds, no fund managed by Third Point LLC held Yahoo voting securities in excess of the HSR threshold.

24. On or about August 10, 2011, Defendant Third Point Offshore's aggregate value of Yahoo voting securities exceeded $66 million.

25. On or about August 17, 2011, Defendant Third Point Ultra's aggregate value of Yahoo voting securities exceeded $66 million.

26. On or about August 30, 2011, Defendant Third Point Partners' aggregate value of Yahoo voting securities exceeded $66 million.

27. Third Point LLC continued to acquire voting securities of Yahoo on behalf of the Defendant Funds through September 8, 2011, when Third Point LLC filed a Schedule 13D with the Securities and Exchange Commission publicly disclosing the Defendant Funds' holdings in Yahoo.

28. The transactions described in Paragraphs 24 through 27 were subject to the notification and waiting periods of the HSR Act and the HSR Rules. The HSR Act and HSR Rules in effect during the time period pertinent to this proceeding required that each Defendant Fund file a notification and report form with the Department of Justice and the Federal Trade Commission and observe a waiting period before acquiring and holding an aggregate total amount of voting securities of Yahoo in excess of $66 million.

29. The Defendant Funds did not comply with the reporting and waiting period requirements of the HSR Act and HSR Rules in connection with the transactions described in Paragraphs 24 through 27.

30. Defendants cannot demonstrate that any of the HSR Act's exemptions applied to the transactions described in Paragraphs 24 through 27. In particular, Defendants' intent when making these acquisitions was inconsistent with the exemption for acquisitions made "solely for the purpose of investment." Defendants' intent to acquire voting securities of Yahoo other than solely for the purpose of investment is evidenced by the following acts, among others, contemporaneous with the acquisitions. Defendants and/or their agents: contacted certain individuals to gauge their interest and willingness to become the CEO of Yahoo or a potential board candidate of Yahoo; took other steps to assemble an alternate slate of board of directors for Yahoo; drafted correspondence to Yahoo to announce that Third Point LLC was prepared to join the board of Yahoo; internally deliberated the possible launch of a proxy battle for directors of Yahoo; and made public statements that they were prepared to propose a slate of directors at Yahoo's next annual meeting.

31. On or about September 16, 2011, each of the Defendant Funds filed a notification and report form under the HSR Act with the Department of Justice and the Federal Trade

Commission. The waiting period relating to these filings expired on or about October 17, 2011.

32.     Defendant Third Point Offshore was in violation of the HSR Act each day during the period beginning on August 10, 2011, and ending on or about October 17, 2011.

33.     Defendant Third Point Ultra was in violation of the HSR Act each day during the period beginning on August 17, 2011, and ending on or about October 17, 2011.

34.     Defendant Third Point Partners was in violation of the HSR Act each day during the period beginning on August 30, 2011, and ending on or about October 17, 2011.

35.     Section (g)(2) of the HSR Act, 15 U.S.C. § 18a(g)(2), provides that if any person fails substantially to comply with the notification requirement under the HSR Act, the district court may grant such equitable relief as the court in its discretion determines necessary or appropriate.

## REQUESTED RELIEF

Wherefore, Plaintiff requests:

    a.    That the Court adjudge and decree that Defendant Third Point Offshore's acquisition of Yahoo voting securities on August 10, 2011, without having filed a notification and report form and observed a waiting period, violated the HSR Act; and that Defendant Third Point Offshore was in violation of the HSR Act each day from August 8, 2011, through October 17, 2011;

    b.    That the Court adjudge and decree that Defendant Third Point Ultra's acquisition of Yahoo voting securities on August 17, 2011, without having filed a notification and report form and observed a waiting period, violated the HSR Act; and that Defendant Third Point Ultra was in violation of the HSR Act each day from August 17, 2011, through October 17, 2011;

    c.    That the Court adjudge and decree that Defendant Third Point Partners' acquisition of Yahoo voting securities on August 30, 2011, without having filed a notification and report form and observed a waiting period, violated the HSR Act; and that Defendant Third Point Partners was in violation of the HSR Act each day from August 30, 2011, through October 17, 2011;

    d.    That the Court adjudge and decree that Defendant Third Point LLC had the power and authority to prevent the violations by the Defendant Funds, and that relief against Third Point LLC is necessary and appropriate to ensure future compliance with the HSR Act by the Defendant Funds.

    e.    That the Court issue an appropriate injunction preventing future violations by the Defendants as provided by the HSR Act, 15 U.S.C. § 18a(g)(2);

    f.  That the Court order such other and further relief as the Court may deem just and proper; and

    g.  That the Court award the Plaintiff its costs of this suit.

Dated: August 24, 2015

Respectfully submitted,

FOR THE PLAINTIFF UNITED STATES OF AMERICA:

/s/ William J. Baer
_____
William J. Baer (D.C. Bar #324723)
Assistant Attorney General
Department of Justice
Antitrust Division
Washington, DC  20530

/s/ Kenneth A. Libby
_____
Daniel P. Ducore (D.C. Bar #933721)
Elizabeth A. Piotrowski (D.C. Bar #348052)
Kenneth A. Libby
Jennifer Lee
Special Attorneys

Federal Trade Commission
Washington, D.C. 20580